Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRYSTAL LUCERO CRUZ, | Case No.: 18 cv 457 |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| SUPERIOR CAFE CORP., | |
| Defendants. | |

Plaintiff, Crystal Lucero Cruz ("Plaintiff"), by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Superior Cafe Corp., *doing business as* "Superior Cafe", and states as follows:

### INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day she worked more than ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York State Wage

Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Queens County, New York.

6. Upon information and belief, Defendant, Superior Cafe Corp., is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 1490 Madison Avenue, New York, NY 10029.

7. Defendant, Superior Cafe Corp., is a New York corporation authorized to do business, and doing business, in New York.

8. Superior Cafe Corp. is an employer under the Fair Labor Standards Act.

9. Plaintiff, Crystal Lucero Cruz, was employed by Defendants in New York County, New York, to work as a cashier and general helper at Defendant's restaurant, from in or around May 5, 2017 through October 25, 2017.

10. At all relevant times, Superior Cafe Corp. was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff was directly essential to the restaurant business operated by Superior Cafe Corp.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff wages for all hours worked and overtime compensation in contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. On or about May 5, 2017, Plaintiff, Crystal Lucero Cruz, was hired by Defendant to work as a cashier and general assistant at Defendant's restaurant known as "Superior Cafe", located at 1490 Madison Avenue, New York, New York 10029.

16. Plaintiff, Crystal Lucero Cruz, worked continuously for the Defendant between May 2017 until October 25, 2017.

17. During Plaintiff Crystal Lucero Cruz' employment by the Defendant, she worked over forty (40) hours per week. Plaintiff Crystal Lucero Cruz generally worked approximately fifty-eight (58) hours per week.

18. Plaintiff Crystal Lucero Cruz was not paid proper wages or overtime compensation. Plaintiff Crystal Lucero Cruz was paid at a rate of $11.00 per hour. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate as required by state and federal law. She was always paid all wages in cash.

19. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff Crystal Lucero Cruz the FLSA overtime rate (of time and one-half), or the New

York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

20. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff a on those days when her work hours exceeded ten (10) hours.

21. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendant failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

22. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "21" of this Complaint as if fully set forth herein.

23. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

24. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

25. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

26. Plaintiff, Edith Crystal Lucero Cruz, worked hours for which she was not paid any wages.

27. Plaintiff was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

28. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of forty (40) each workweek.

29. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half the minimum rate to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

30. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for all hours worked, and by failing to compensate Plaintiff at the statutory overtime rate of time and one-half the minimum wage rate for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure Plaintiff.

31. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

32. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

34. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

35. Due to the unlawful acts of the Defendant, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

36. Plaintiff is entitled to an award of her reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

37. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

39. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay her minimum wages in the lawful amount for hours worked.

40. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay her overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

41. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day she worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

42. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III

### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

43. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

45. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

46. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Crystal Lucero Cruz, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)   An award of unpaid wages due Plaintiff Crystal Lucero Cruz under the FLSA and New York Labor Law;

(c)   An award of unpaid overtime wages due Plaintiff Crystal Lucero Cruz under the FLSA and New York Labor Law;

(d)   An award of unpaid "spread of hours" premiums due Plaintiff Crystal Lucero Cruz under the New York Labor Law;

(e)   An award of liquidated damages as a result of Defendant's knowing and willful failure to pay wages, minimum wages, overtime compensation and spread of hours premiums, pursuant to 29 U.S.C. § 216 and/or the New York Labor Law;

(f)   An award of costs and expenses of this action together with reasonable attorneys' and fees;

(g)   An award of prejudgment and post-judgment interest; and

(h)   Such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 18, 2018

Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)
CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com